RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 4/19/2022 9:25 AM

*Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MYLAR MOORE, | )<br>) |
| Plaintiff, | )<br>) |
| | ) STCV22-00663 |
| vs. | ) Civil Action No. _____ |
| | ) |
| WAL-MART STORES EAST,<br>LP (DELAWARE), | )<br>)<br>) |
| Defendant. | )<br>) |

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT**: WAL-MART STORES EAST, LP (DELAWARE), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney whose name and address is:

David S. Eichholz, Esq.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint, which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 19th day of April 2022.

Clerk of Court
State Court of Chatham County, Georgia

By: /s/ Deone Wilson
_____
(Deputy) Clerk

04/25/2022

EXHIBIT "A"



IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MYLAR MOORE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. STCV22-00663 _____ ) |
| WAL-MART STORES EAST, LP (DELAWARE), | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
AND DEMAND FOR JURY TRIAL**

COMES NOW MYLAR MOORE, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against the Defendant WAL-MART STORES EAST, LP (DELAWARE) (hereinafter "Defendant"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendant for the relief sought in the Complaint for the reasons pled as follows:

**PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.

Plaintiff Mylar Moore (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia. Plaintiff resides 8505 Waters Avenue, Apartment 197, Savannah, Georgia 31406. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Defendant") is a foreign limited partnership, existing under the laws of the State of Delaware, with its principal place of business in Arkansas. Service of process may be had on Defendant by serving its registered agent,

Page 1 of 7

The Corporation Company (FL), at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

## STATEMENT OF FACTS

4.

On or about June 21, 2020, Plaintiff was an invitee of the Defendant on the property located at 1955 E Montgomery Cross Road, Savannah, Georgia.

5.

On or about June 21, 2020, Plaintiff, while an invitee of Defendant, was walking down the juice aisle. As Plaintiff reached for some juice, she slipped and fell in a liquid substance that was on the floor.

6.

Plaintiff sustained severe personal injuries as a result of the liquid that was on the floor.

7.

The Defendant owed a duty to invitees such as the Plaintiff to keep the premises and approaches safe.

8.

Prior to the subject incident, Defendant was aware or should have been aware of the liquid substance on the floor, and that it constituted a potential danger to its customers.

9.

Plaintiff neither assumed the risk of her accident nor shared in the negligence of Defendant.

## COUNT I: NEGLIGENCE OF DEFENDANTS

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

The liquid substance constituted a hazardous, dangerous, and unsafe condition.

12.

The Defendant, by statute and through their duly authorized agents, servants and/or employees did violate said duties and were negligent by the following acts and their omissions:

a. By negligently failing to exercise reasonable care to protect against a hazard arising from keeping the floors clean of the subject premises;

b. By failing to exercise due care and caution in the inspection of the premises to ascertain whether or not the floors were clean and free of spills in an obvious disregard to the safety, health and well-being to the business invitees and the general public;

c. By failing to exercise ordinary care and prudence to make sure that floors were clean;

d. By failing to correct a dangerous condition of the premises, to wit: a liquid substance in the floor which could injure invitees in an obvious disregard for the health, safety, and well-being of those invitees;

e. By failing to maintain and/or properly inspect and clean the floors when the Defendant knew or should have known in the exercise of reasonable care that said liquid was covering a portion of the floor;

f. That said liquid substance posed an unreasonable risk to invitees including Plaintiff by causing such dangerous condition to exist in an area where invitees must traverse in an obvious

Page 3 of 7

disregard for the health, safety and well-being of its invitees thereby creating an unavoidable situation; and

g. By the commission of other acts of negligence which are hereby reserved for proof as discovery commences and at trial.

13.

On or about June 21, 2020, Defendant did not take any action to rectify this dangerous condition, or to keep invitees from passing through the area or alert visitors of the dangerous condition, prior to the time that the Plaintiff was injured, despite having actual and/or constructive knowledge of the hazardous condition.

14.

Plaintiff had no knowledge of the existence of the dangerous and unsafe condition. Plaintiff had no reason to anticipate a liquid substance covering a portion of the floor upon entering the premises. She had no prior knowledge of the dangerous condition.

15.

All times herein mentioned, Defendant was in control and custody of said property.

16.

The Defendant's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

## COUNT II: DAMAGES

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered mental and physical injuries requiring medical treatment, as well as other damages.

19.

As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff claims general damages against Defendant for all elements of pain and suffering and physical and mental injury, including shock, fright, and terror, endured by Plaintiff in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial. Plaintiff has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a) Past, present and future physical and mental pain and suffering;

(b) Past, present, and future loss of enjoyment of life;

(c) Past, present, and future loss of earnings and income; and

(d) Past, present, and future loss of ability to labor and earn money, as well as other damages.

20.

Plaintiff claims special damages against Defendant for any medical expenses, including future medical expenses, and loss of earning capacity incurred on her behalf in an amount which reflects the reasonable value of those services as established by the evidence at trial.

21.

As a direct and proximate result of the negligence and negligence per se of Defendant,

Page 5 of 7

Plaintiff is entitled to recover all special damages in an amount to be proved at trial. Currently, Plaintiff has incurred $64,770.08 in medical bills.

22.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

23.

Defendants has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary troubles or expenses. Plaintiff is therefore entitled to recover the expenses of litigation, including but not limited to attorney's fees.

WHEREFORE, Plaintiff prays as follows:

(a)   That Defendant be served with process and be required to answer this lawsuit;

(b)   That Plaintiff recover recompensive damages from Defendant for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c)   That Plaintiff be awarded an amount sufficient to reimburse her for all past, present, and future medical expenses and wage losses associated with his injuries;

(d)   That Plaintiff be compensated for the mental and physical pain and suffering related to her injuries;

(e)   The Plaintiff be awarded interest at the legal rate on any judgment rendered;

(f)   The Plaintiff be awarded expenses of litigation in bringing this action;


(f)     That the Plaintiff have a trial by a jury of twelve (12) persons; and

(g)     That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

This the 19th day of April 2022.

                          THE EICHHOLZ LAW FIRM, P.C.

                          /s/ David S. Eichholz
                          DAVID S. EICHHOLZ
                          Georgia State Bar No. 502134
                          *Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phn
(912) 629-2560 - fax
David@thejusticelawyer.com

04/25/2022                                         EXHIBIT "A"

SHERIFF'S ENTRY OF SERVICE

Civil Action No. STCV22-00663

Superior Court ☐
State Court ☒
Magistrate Court ☐
Probate Court ☐
Juvenile Court ☐

Date Filed 4/19/22

Georgia, Chatham COUNTY

Mylar Moore

Attorney's Address

319 Eisenhower Drive

Savannah, GA 31406

Plaintiff

VS.

Wal-Mart Stores East, LP (Delaware)

Name and Address of Party to Served

Wal-Mart Stores East, LP (Delaware)

106 Colony Park Drive, Ste. 800-B

Cumming, GA 30040

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows: age, about ____ years; weight ____ pounds; height ____ feet and ____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _The Corporation Company_ a corporation by leaving a copy of the within action and summons with _Rahseer Laller_ In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 27th day of April, 2022

DEPUTY

EXHIBIT "A"

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MYLAR MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) FILE NO. STCV2200663 |
| WALMART STORES EAST, LP | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

**First Defense**

Pending additional investigation and discovery, Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

**Second Defense**

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

**Third Defense**

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by an unknown party's (or parties') actions.

**Fourth Defense**

Defendant breached no duty owed to Plaintiff.

-1-

EXHIBIT "A"

### Fifth Defense

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Sixth Defense

Pending further investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence.

### Seventh Defense

Defendant denies that Defendants or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Eighth Defense

Defendant asserts that Plaintiff had equal or superior knowledge of the alleged hazard.

### Ninth Defense

Defendant denies any and all allegations regarding negligent inspection and failure to warn.

### Tenth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. §9-11-9(g).

### Eleventh Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case.

### Twelfth Defense

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

EXHIBIT "A"

## Thirteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1. At this time, Defendant is without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 1 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted, generally. However, Defendant denies any inference or allegation of liability.

3. In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits that venue is proper in this Court and that it may be proper in other courts as well. Defendant denies any inference or allegation of liability.

### STATEMENT OF FACTS

4. At this time, Defendant is without sufficient information to admit, deny or otherwise respond to the allegations contained in Paragraph 4 of Plaintiff's Complaint. As such, those allegations stand automatically denied. Any allegation or implication of negligence or liability is denied.

5. At this time, Defendant is without sufficient information to admit, deny or otherwise respond to the allegations contained in Paragraph 5 of Plaintiff's Complaint. As such, those allegations stand automatically denied. Any allegation or implication of negligence or liability is denied.

6. At this time, Defendant is without sufficient information to admit, deny, or otherwise respond to the allegations contained in Paragraph 6 of Plaintiff's Complaint. As such,

EXHIBIT "A"

those allegations stand automatically denied. Any allegation or implication of negligence or liability is denied.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint call for Defendant to reach a conclusion of law in forming a response and, as such, no response is required. Any allegation or implication of negligence or liability is denied. Defendant denies that any duties that may have been owed were breached.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, as pled.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied, as pled.

## COUNT I- NEGLIGENCE OF DEFENDANTS

10. In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendant incorporates by references its responses to Paragraphs 1-9 of Plaintiff's Complaint.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied, as pled.

12. The allegations contained in Paragraph 12, and the subparts thereto, of Plaintiff's Complaint are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied, as pled.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are denied, as pled.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint call for Defendant to reach a conclusion of law in forming a response and, as such, no response is

EXHIBIT "A"

required.  However, Defendant admits that it was responsible for the day-to-day operations of the subject store on the day in question.  Any allegation or implication of negligence or liability is denied.   Defendant denies that any duties that may have been owed were breached.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

## COUNT II- DAMAGES

17. In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendant incorporates by references its responses to Paragraphs 1-16 of Plaintiff's Complaint.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations contained in Paragraph 19, and the subparts thereto, of Plaintiff's Complaint are denied.

20. The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied, as pled.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24. Defendant denies that Plaintiff is entitled to the relief requested by her in her Prayers for Relief, and the subparts thereto.

25. Any remaining allegations which have not been admitted, denied, or otherwise responded to are hereby denied.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

EXHIBIT "A"

Having fully answered, Defendant prays that it be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 27th day of May, 2022.

                                  **DREW, ECKL & FARNHAM, LLP**

                                  */s/ Ann H. Searcy*
                                  Garret W. Meader
                                  Georgia Bar No. 142402
                                  Ann H. Searcy
                                  Georgia Bar No. 633302
                                  *Attorneys for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662
MeaderG@deflaw.com
searcya@deflaw.com

EXHIBIT "A"

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via statutory electronic service by filing in PeachCourt, a true and correct copy of the foregoing *Answer and Defenses to Plaintiff's Complaint* to the following counsel of record, addressed as follows:

> David Eichholz
> The Eichholz Law Firm
> 319 Eisenhower Drive
> Savannah, Georgia 31406

This 27th day of May, 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Ann H. Searcy*
Ann H. Searcy
Georgia Bar No. 633302
*Attorneys for Defendant*

777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 280-9662
searcya@deflaw.com

-7-

EXHIBIT "A"